UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONYELL DOMINIQUE WILKINS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>　　　　　Defendant. | Case No. 1:19-cv-01457-EPG<br><br>**FINAL JUDGMENT AND ORDER REGARDING PLAINTIFF'S SOCIAL SECURITY COMPLAINT** |

　　　　This matter is before the Court on Plaintiff's complaint for judicial review of an unfavorable decision by the Commissioner of the Social Security Administration regarding her application for Disability Insurance Benefits and Supplemental Security Income. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c) with any appeal to the Court of Appeals for the Ninth Circuit. (ECF Nos. 7, 8, 24.)

　　　　At a hearing on November 23, 2020, the Court heard from the parties and, having reviewed the record, administrative transcript, the briefs of the parties, and the applicable law, finds as follows:

1

**A. Whether the ALJ Committed Legal Error Re: Plaintiff's Treating Physician**

Plaintiff argues that the ALJ committed legal error in failing to provide sufficient reasons for discounting the opinion of Plaintiff's treating physician, Dr. Pushpa Gursahani. The Ninth Circuit has held regarding such opinion testimony:

> The medical opinion of a claimant's treating physician is given "controlling weight" so long as it "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the claimant's] case record." 20 C.F.R. § 404.1527(c)(2). When a treating physician's opinion is not controlling, it is weighted according to factors such as the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability, consistency with the record, and specialization of the physician. *Id.* § 404.1527(c)(2)–(6). "To reject [the] uncontradicted opinion of a treating or examining doctor, an ALJ must state clear and convincing reasons that are supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008) (alteration in original) (quoting *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005)). "If a treating or examining doctor's opinion is contradicted by another doctor's opinion, an ALJ may only reject it by providing specific and legitimate reasons that are supported by substantial evidence." *Id.* (quoting *Bayliss*, 427 F.3d at 1216); *see also Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) ("[The] reasons for rejecting a treating doctor's credible opinion on disability are comparable to those required for rejecting a treating doctor's medical opinion."). "The ALJ can meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir. 1986)).

*Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).

Dr. Gursahani's opinion was contradicted by state agency non-examining physicians. The Court accordingly looks to whether the ALJ's decision was supported by specific and legitimate reasons that are supported by substantial evidence.

The ALJ addressed Dr. Gursahani's opinion as follows:

> On April 18, 2018, the claimant's long time treating physician, Dr. Pushpa Gursahani, completed a physical medical source statement (Exhibit 15F). He diagnosed the claimant with back and knee pain, asthma, sleep apnea, and insomnia. Dr. Gursahani stated that the claimant suffered from pain, fatigue, and had limited range of motion. The claimant had tender and stiff joints, which produced pain with activity and movement. Dr. Gursahani opined the claimant was able to sit and stand for twenty to thirty minutes at a time; sit for about four hours in an eight-hour day; stand less than two hours in an eight-hour day; and perform a job that permitted shifting positions and ten minutes of walking every sixty minutes. Furthermore, Dr. Gursahani opined the claimant needed to take

> unscheduled breaks every one to two hours for a period of fifteen to twenty minutes due to muscle weakness, chronic fatigue, pain/paresthesias, numbness, adverse effects of medication, anxiety, and nervousness. The claimant's legs needed to be elevated thirty degrees for about fifty percent of the time due to pain, tingling, numbness, and edema. The claimant had to use an assistive device when standing/walking due to imbalance, insecurity, pain, dizziness, and weakness. The claimant could lift rarely lift [sic] less than ten pounds, and could never twist, stoop, crouch, climb stairs and/or ladders. Dr. Gursahani stated the claimant had significant limitations with reaching, handling, and fingering.
>
> I give Dr. Gursahani's opinion little weight because it is inconsistent with the medical evidence. For example, during the examination in March 2018, Dr. Murphy noted that the claimant ambulated without aid or assistance and her motor activity was unremarkable. Furthermore, Dr. Murphy noted that during the examination, the claimant was able to sit for two hours without a break and without visible discomfort (Exhibit 14F, pp. 3 and 6).

(A.R. 21.)

Plaintiff argues that Dr. Murphy's notations of normal physical presentation are insufficient to support the rejection of Dr. Gursahani's treating source opinion. (ECF No. 16 at 7-9.) In the opposition, the Commissioner attempts to buttress the ALJ's reasoning with citations to other portions of the record. (*See* ECF No. 21.) However, the ALJ only identified Dr. Murphy's notations in support of her conclusion that Dr. Gursahani's opinion was inconsistent with the medical record. *See, e.g., Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) ("We review only the reasons provided by the ALJ in the disability determination and may not affirm on a ground upon which he did not rely."). The Court therefore declines to consider the additional bases the Commissioner proffers for giving Dr. Gursahani's opinion little weight.

Nevertheless, the Court finds that the ALJ gave specific and legitimate reasons, supported by substantial evidence in the record, for rejecting Dr. Gursahani's opinion. "An ALJ may reject a treating physician's opinion that is inconsistent with other medical evidence[.]" *Teleten v. Colvin,* 2016 WL 1267989, at *5 (E.D. Cal. Mar. 31, 2016) (citing *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir. 2008)). Here, the ALJ clearly identifies Dr. Murphy's particular observations that appear to be inconsistent with Dr. Gursahani's opinion. The ALJ's reasons for giving Dr. Gursahani's opinion little weight are therefore specific.

With respect to whether those reasons are legitimate, while the ALJ's reasoning is indeed

brief, Dr. Gursahani's opinion does appear to be directly inconsistent with Dr. Murphy's notes. Dr. Murphy's evaluation states that Plaintiff "ambulated without aid or assistance and her motor activity was unremarkable." (A.R. 914, 923.) Yet Dr. Gursahani's opinion, dated approximately one month after Dr. Murphy's evaluation, states that Plaintiff required an assistive device when standing or walking due to imbalance, insecurity, pain, dizziness, and weakness. (A.R. 923.) Dr. Murphy also reported that Plaintiff "was able to sit for 2 hours without a break and did not verbally or physically demonstrate any discomfort." (AR 917.) Dr. Gursahani, in contrast, opined that Plaintiff was only able to sit and stand for twenty to thirty minutes at a time, sit for about four hours in an eight-hour day, required a job that permitted shifting positions from sitting, standing, or walking, and must walk for ten minutes at a time every sixty minutes. (A.R. 917, 923.)

The ALJ accordingly provided specific and legitimate reasons, supported by substantial evidence, for discounting Dr. Gursahani's opinion due to inconsistency with the medical record.

**B. Conclusion**

Thus, the Court finds that the decision of the Commissioner of Social Security is supported by substantial evidence, and the same is hereby affirmed.

The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **November 30, 2020**   /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

4